CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
AUG 15 2007
JOHN F. CORCORAN, CLERK
BY: /s/ [Deputy Clerk]
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| JUDY L. LLOYD, | ) | CASE NO. 3:06CV00049 |
| Plaintiff, | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| MICHAEL J. ASTRUE, Commissioner of Social Security[1], | ) | By: B. Waugh Crigler<br>U. S. Magistrate Judge |
| Defendant. | ) | |

This challenge to a final decision of the Commissioner which denied plaintiff's July 16, 2003 protectively filed application for supplemental security income (SSI) benefits under the Social Security Act (Act), as amended, 42 U.S.C. § 1381, is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned will RECOMMEND that an order enter GRANTING the plaintiff's motion for summary judgement, DENYING the Commissioner's motion for summary judgment, and REMANDING this case for further proceedings.

In a decision eventually adopted as a final decision of the Commissioner, an Administrative Law Judge ("Law Judge") found that plaintiff was forty-eight years old with a general equivalency diploma ("GED") and one year of college education. (R. 12.) The Law

---

[1] On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security. In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, he should be substituted for Commissioner of Social Security as the defendant.

Judge further found that she had an alleged disability onset date of July 16, 2003[2], and she had not engaged in substantial gainful activity since that date. (R. 13, 19.) The Law Judge further determined that plaintiff suffered degenerative disc disease of the lumbar and cervical spine, degenerative joint disease of the left knee and right hand, and obesity, which are severe impairments, yet not severe enough to meet or equal a listed impairment.[3] (R. 16, 19.) The Law Judge determined that while plaintiff's impairments prevented her from performing her past relevant work, her statements about her functional abilities and limitations were "not entirely credible," and she retained the residual functional capacity ("RFC") to perform a full range of sedentary work. (R. 17-19.) By application of the Medical-Vocational Guidelines ("grids"), Rules 201.21 and 201.22, the Law Judge found plaintiff was not disabled under the Act. (R. 18-20.)

Plaintiff appealed the Law Judge's decision to the Appeals Council, which found no basis in the record, or in the reasons advanced on appeal, to review the Law Judge's decision. (R. 5-7.) Accordingly, the Appeals Council denied review and adopted the Law Judge's decision as the final decision of the Commissioner. This action ensued.

Most critical to the undersigned's consideration in this case, plaintiff takes issue with the Law Judge's determination of her RFC and his finding that she could perform a full range of sedentary work, and she contends that these findings are not supported by substantial evidence. (Plaintiff's Brief, p. 7-12.) Plaintiff especially focuses on the Law Judge's statement that his

---

[2]Plaintiff initially alleged a disability onset date of May 29, 1997. (R. 13)

[3]The Law Judge specifically found that plaintiff did not suffer severe depression as she claimed. (R. 16.)

2

findings related to plaintiff's functional capacity were entirely "supported by the DDS assessment at Exhibit C-3F." (R. 18, 138-145). She contends that this DDS assessment cannot provide substantial evidentiary support for the Law Judge's findings, and the importance here lies in the fact that plaintiff's RFC is a critical part to any analysis at the final level of the sequential evaluation.

In this regard, plaintiff first points out that the assessment itself relied on an October 31, 2003 State agency consultative examination which, itself, reported X-ray findings of degenerative arthritis in the left hand, numbness of the left thumb, first and second fingers, positive Tinel signs in the wrist with mild carpel tunnel of the left wrist.[4] (R.131-137.) Plaintiff does not believe the Law Judge accounted for any of this evidence in essentially adopting the DDS evaluation.

Second, the plaintiff offers that the DDS opinion relied on by the Law Judge was rendered without review of a substantial portion of her treatment records. (Pl.'s Brief, p. 8.) Here again, plaintiff points out that there is considerable medical evidence that she has experienced stenosis, spurring and bulging of discs in her cervical, thoracic and lumbar spine which simply was not accounted for by the DDS record reviewer.[5]

Third, plaintiff argues that the Law Judge discredited her testimony concerning limitations in her left hand, even though he found her hand impairment to be severe. (Pl.'s Br.,

---

[4]The report was teledictated on November 1, 2003. (R. 131.)

[5]Plaintiff also contends that the Law Judge did not properly credit the treating evidence as required by the regulations, citing 20 C.F.R. §§ 404.1527 and 416.927. (Pl.'s Brief at 12-15.) Of course, this is an SSI claim, and § 404 of the regulations has no application.

3

pp. 8-9.)[6] Plaintiff offers that, under Social Security Rulings ("SSR") 83-10 and 96-7p and 96-9p, the Commissioner has acknowledged that unskilled sedentary jobs require good use of the hand and fingers and bilateral dexterity, and that it is insufficient for a Law Judge to make a single conclusory statement that the claimant's allegations are not credible without setting forth specific reasons for the credibility finding that make clear any basis for his decision not to credit the claimant.

The Commissioner, on the other hand, takes the position that there is evidence in the record from examining Drs. Suter, Shen and Whitehill which could be found from a physical standpoint to support the Law Judge's determination that plaintiff can perform sedentary work. (Commissioner's Brief, pp. 10-11.) Moreover, the Commissioner takes the position that the Law Judge was not required to find any significant work-related limitations produced by plaintiff's hand impairment, and could rely on the evidence offered by the two State agency review physicians that she possessed the capacity to perform sedentary work with occasional postural maneuvers. (Comm's Br., p. 10.) The Commissioner does not believe that plaintiff's treating evidence compels a finding to the contrary, and he is of the view that her daily activities belie any claimed inability to perform sedentary work. (Comm's Brief, pp. 12-13.) While the Commissioner does reference various parts of the medical examining and review evidence to suggest that plaintiff has no manipulative limitations, he does not refer to any text in the Law Judge's opinion addressing this evidence.

The Law Judge reached the final level of the sequential evaluation when he found that

---

[6]Plaintiff also points out that the Law Judge found she was right-handed when, in fact, she is left-handed. (Compare R. 17 with R. 204.)

plaintiff proved she suffered medically determinable severe impairments which disabled her from her past relevant work. It was incumbent upon the Law Judge to explicitly indicate how he weighed all the relevant evidence and the credit or weight he assigned to the medical sources. *See Stawls v. Califano*, 596 F.2d 1209, 1213 (4th Cir. 1979). To put this another way, it is not for the court to parse through the record to determine for itself whether there is evidence from which the court, had it been the initial arbiter, could have found to support a conclusion about plaintiff's RFC. Rather, the decision must demonstrate the basis for the conclusions reached.

Here, there is little or no explicit explanation given for the reason the Law Judge favored the DDS record reviewers and eschewed other medical evidence in the record. The bald statement to the effect that the DDS evidence supports the conclusion is not enough particularity where, as here, the evidence reviewed by the DDS physician revealed limitations in the bilateral use of plaintiff's hands, and there is little to indicate that the reviewers had much of the treating evidence when they looked at the record. There is good cause to remand the case to require proper findings in support of the Law Judge's conclusions because, otherwise, the court cannot perform a meaning review of the decision. *See Alexander v. Apfel*, 14 F.Supp.2d 839, 843-844 (WD Va., 1998); *Murphy v. Bowen*, 810 F.2d 433 (4th Cir. 1987); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983).

Thus, it is RECOMMENDED that an order enter GRANTING the plaintiff's motion for summary judgement, DENYING the Commissioner's motion for summary judgment, and REMANDING this case for further proceedings.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are

5

Case 3:06-cv-00049-NKM-BWC   Document 22   Filed 08/15/07   Page 5 of 6   Pageid#: 71

entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(l)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: _____
U.S. Magistrate Judge

August 15, 2007
Date